**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WELNIA, LLC,**

        **Plaintiff,**

-vs-                                           **Case No. 6:08-cv-742-Orl-31DAB**

**BODYMEDIA, INC., JAMES F. HANLON,**
**SURESH VISHNUBHATLA, FERNANDO**
**V. SANCHEZ, ERIC Z. TELLER ,**
**THOMAS A. FUTCH, STEPHEN F.**
**MENKE,  CHRISTOPHER D. PACIONE,**
**CHRISTOPHER D. KASABACH, and**
**MICHAEL SOULE,**

        **Defendants.**

## ORDER

This matter comes before the Court on the Defendants' Motion to Dismiss (Doc. 21) and the response (Doc. 25) filed by the Plaintiff, Welnia, LLC ("Welnia").

**I.**    **Background**

According to the allegations of the complaint (Doc. 1), which are accepted as true for purposes of this motion, Welnia makes software-based wellness management programs. Defendant Bodymedia, Inc. ("Bodymedia") makes wearable monitoring devices. In 2004, Welnia and Bodymedia entered into an agreement (the "Cooperative Agreement") to explore the possibility of developing cooperative products, which would allow users to gather data about their physiological condition from one of Bodymedia's monitoring devices and enter it into Welnia's software to receive customized diet and exercise recommendations. In June 2006, BodyMedia and

Welnia entered into a second agreement (the "Strategic Alliance Agreement"), which set forth, among other things, their rights concerning the sale and distribution of these products.

Welnia contends that, pursuant to the Strategic Alliance Agreement, BodyMedia was obligated to develop a preliminary version of the software (known as "Welnia Lite") to allow its devices to interface with Welnia's wellness management programs by October 1, 2006 and a complete version by February 27, 2007. According to Welnia, BodyMedia delivered a buggy and unsatisfactory preliminary version of Welnia Lite shortly after the first deadline and has failed to deliver the complete version. Welnia now contends that the entire relationship was a ruse, and that Bodymedia entered into it so as to acquire Welnia's confidential information and trade secrets and develop its own wellness program, called Sensewear WMS. On May 6, 2008, Welnia sued BodyMedia and a number of its employees (the "Individual Defendants") for fraudulent inducement, civil conspiracy, breach of fiduciary duty, and misappropriation of trade secrets, and sued BodyMedia, only, for breach of contract.

**II.    Analysis**

Fraud[1] and Conspiracy

The Defendants contend that Welnia's claim of fraud in the inducement is barred by the economic loss rule, which precludes recovery in tort when a party to a contract suffers economic loss, except for those torts that are "considered to be independent from acts that breached the contract." *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996).

---

[1]Welnia split its fraud claim into two counts, seeking rescission in one and damages in the other for the same conduct. For simplicity's sake, this opinion will refer to the fraud claim in the singular.

Welnia argues that its fraud claim is separate and distinct from the alleged breach and therefore not barred: As pled, Welnia's fraud claim arises from the Defendants' alleged failure to reveal their intentions to misappropriate Welnia's trade secrets to develop Sensewear WMS, while the contract claim is based on BodyMedia's alleged failure to develop and deliver the Welnia Lite software on time.  However, Welnia alleges that the misappropriation and missing of deadlines were all part of the same scheme, in which BodyMedia would steal the secrets to develop Sensewear WMS and delay production of Welnia Lite to sabotage the competition for BodyMedia's product.  Based on Welnia's allegations, the misappropriation and the mission of deadlines are related.  In addition, both the Cooperative Agreement and the Strategic Alliance Agreement contain provisions prohibiting the disclosure or misuse of confidential information. As such, the alleged misappropriation of Welnia's confidential information would be a breach of either contract, making the alleged fraud nothing more than a refusal to divulge an intent to breach the contract.  Such a fraud is not separate from the alleged breach, and Welnia's fraud claim is barred by the economic loss rule.

The failure of the fraud claim is also fatal to Welnia's civil conspiracy claim, which consists of nothing more than allegations that the Defendants conspired to defraud Welnia.

Breach of Fiduciary Duty

The Defendants contend that Welnia's fiduciary duty claim must be dismissed because Welnia has failed to plead any facts that would give rise to fiduciary obligations on their part toward Welnia.  Welnia disagrees, pointing out that it has alleged in Count III that "through Defendants' dealings with Welnia, Welnia trusted them, and a fiduciary relationship was created." However, Count III simply recites the elements of a fiduciary duty claim.  To establish a fiduciary

relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party. *Watkins v. NCNB Nat. Bank of Florida, N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993). There are no facts alleged in this complaint that, if proven true, would demonstrate such dependency on Welnia's part or such an undertaking to protect Welnia by the Defendants. It is not enough for Welnia to simply allege that it trusted the Defendants. *See*, *e.g.*, *Lanz v. Resolution Trust Corp.*, 764 F.Supp. 176, 179 (S.D.Fla. 1991).

Misappropriation of Trade Secrets

The Defendants contend that Welnia has failed to identify its alleged trade secrets with sufficient particularity, and therefore its misappropriation claim must be dismissed. According to Paragraph 26 of the Complaint, the "Welnia Trade Secrets" consist of "Welnia 'rules engine' logic for nutrition recommendations, food grouping and resulting meal and exercise plans, data, formulas, methods and processes developed or otherwise owned by Welnia." BodyMedia contends this description is improperly vague, but the Court finds this to be a sufficient description of the allegedly misappropriated trade secrets at this stage of the proceedings – particularly in light of BodyMedia's failure to allege that it does not know what this description refers to.

BodyMedia also contends that Welnia has failed to properly plead that it attempted to keep the information confidential or that there is an economic benefit in doing so, but the Court finds this contention to be meritless. The plain language of the agreements (and their confidential information provisions), which are attached to the Complaint, show that Welnia thought it had valuable confidential information to protect.

The Individual Defendants contend that Welnia has failed to allege any facts suggesting that they, personally, engaged in misappropriation of Welnia's trade secrets. The Court agrees. The only facts alleged in relation to the Individual Defendants are their states of residence. There are no factual allegations regarding the Individual Defendants' participation in the actual misappropriation (which was allegedly done for the benefit of BodyMedia and its Sensewear WMS product). The misappropriation claim will be dismissed as to the Individual Defendants, only. Because the only other remaining claim – the breach of contract claim – was asserted only against BodyMedia, the Individual Defendants are due to be dismissed as parties to this case.

Breach of Contract

Finally, BodyMedia argues that Welnia's breach claim should be dismissed because Welnia has not identified the particular contract provisions that were breached by its alleged failure to timely deliver the Welnia Lite software. BodyMedia provides no support for its contention that Florida law requires the plaintiff to cite to the particular provision that has been breached. Moreover, BodyMedia itself identifies the source of the allegedly missed deadlines (although it disputes that such deadlines were mandatory): Schedule H to the Strategic Alliance Agreement.

**III. Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss (Doc. 21) is **GRANTED IN PART** and **DENIED IN PART**, as follows: Counts I, II, III and V are **DISMISSED**, and Count IV is **DISMISSED AS TO THE INDIVIDUAL DEFENDANTS ONLY.** The Individual Defendants

themselves – i.e., all Defendants other than BodyMedia, Inc. – are **DISMISSED FROM THIS CASE**.  In all other respects, the motion is **DENIED**.

  **DONE** and **ORDERED** in Chambers, Orlando, Florida on August 4, 2008.

GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party