UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WELNIA, LLC,

                              Plaintiff,

-vs-                                                    Case No.  6:08-cv-742-Orl-31DAB
BODYMEDIA, INC.,
                              Defendant.
_____

## ORDER

This matter comes before the Court on the Motion to Dismiss Counts I, II, and IV (Doc.

44) filed by the Defendant, Bodymedia, Inc. ("Bodymedia"), and the response (Doc. 45) filed by

the Plaintiff, Welnia, LLC ("Welnia").

I.      Background

According to the allegations of the Amended Complaint (Doc. 43), which are accepted as

true for the purposes of this order, Welnia makes software-based wellness management programs,

and Bodymedia makes wearable monitoring systems.  The two entities entered into a relationship

(and at least two contracts) to develop products combining their respective technologies.  The

relationship subsequently soured, with Welnia accusing Bodymedia of failing to perform its

obligations under the parties' agreements and of stealing Welnia's technology to develop a

competing product, known as Sensewear WMS.

On May 6, 2008, Welnia sued BodyMedia and a number of its employees for fraudulent

inducement, civil conspiracy, breach of fiduciary duty, and misappropriation of trade secrets, and

sued BodyMedia, only, for breach of contract.  On August 4, 2008, the undersigned dismissed

most of Welnia's complaint, finding that the fraudulent inducement claims were barred by the

economic loss rule, which in turn required dismissal of the conspiracy claims, which alleged a

conspiracy to commit fraud.  (Doc. 26 at 2-3).  The Court also dismissed the breach of fiduciary

duty claims because Welnia had not pled any facts that would give rise to such a duty, and

dismissed the misappropriation claims against the employees because Welnia had not alleged that

the employees participated in that conduct.  (Doc. 26 at 3-5). On November 10, 2008, Welnia filed

its Amended Complaint (Doc. 43), raising several of the same claims and attempting to cure the

deficiencies identified by the Court in its order dismissing them.

## II.     Legal Standard

In ruling on a motion to dismiss, this Court must view the complaint in the light most

favorable to the Plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its

consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c); *see also*

*GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally

construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,

421 (1969).  The plaintiff must plead "enough fact to raise a reasonable expectation that discovery

will reveal evidence of illegal [conduct]."  *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S.Ct.

1955, 1966, 167 L.Ed.2d 929 (2007).  In ruling on a motion to dismiss, "conclusory allegations,

unwarranted factual deductions or legal conclusions masquerading as facts will not

prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III.    Analysis

In Counts I and II of the Amended Complaint, Welnia contends that Bodymedia and its

employees fraudulently induced it to enter into the contracts at issue by failing to "disclose

material facts" – specifically, that Bodymedia intended to develop or was developing Sensewear WMS.  (Doc. 43 at 10, 15).[1]  As was the case with its initial complaint, however, Welnia has not pled any facts that would give rise to a duty on the part of Bodymedia or its employees to disclose any plan to develop Sensewear WMS.  Parties to an arm's-length business relationship do not have a duty to disclose such facts to one another.  *See*, *e.g.*, *Cola v. Allstate Ins. Co.*, 131 Fed.Appx. 134, 135-36 (11th Cir. 2005).  This is fatal to Welnia's fraudulent inducement claim, and Counts I and IV will therefore be dismissed.  As these are the only fraud claims, Count II of the Amended Complaint – which asserts that the Defendants conspired to defraud Welnia – will also be dismissed.  In consideration of the foregoing, it is hereby

ORDERED that  the Motion to Dismiss Counts I, II, and IV (Doc. 44) is **GRANTED**, as set forth above, and Counts I, II, and IV of the Amended Complaint (Doc. 43) are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 7, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1]In its response, Welnia attempts to argue that one of Bodymedia's employees made an affirmative misrepresentation regarding Bodymedia's intent to market its products directly to doctors, and that this misrepresentation was done to fraudulently induce Welnia to enter the contracts.  In the context of this case, the Court does not see how such a statement could possibly support a fraudulent inducement claim.  But the Court need not resolve the issue, because the fraudulent inducement claims in the Amended Complaint, as pled, rely only on the alleged omissions rather than any alleged misrepresentations.

-3-

Unrepresented Party